**STATE of Indiana, Appellant–Plaintiff,**

v.

**James M. KEMP, Appellee–Defendant.**

**No. 10A01–0101–CR–40.**

Court of Appeals of Indiana.

July 24, 2001.

Steve Carter, Attorney General of Indiana, Adam M. Dulik, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Robert W. Hammerle, Joseph M. Cleary, Hammerle & Allen, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-plaintiff the State of Indiana appeals the trial court's dismissal of two counts of Attempted Child Molesting,[1] a class A felony, and one count of Child Solicitation,[2] a class C felony that had been filed against the appellee-defendant James M. Kemp. Specifically, the State contends that the trial court erred in determining that the facts set forth in the charging informations failed to establish a criminal offense.

### FACTS

On December 10, 1999, Detective Roger Halbert of the Indiana State Police Department used a computer to enter an Internet "chat room." At one point, an individual later identified as Kemp, using the screen name "Ineedyoungtight1," sent Detective Halbert a message. Kemp described himself as a twenty-five-year-old man from the Anderson area.

Detective Halbert was using the screen name "Brittney4u2," and posed as a fourteen-year-old female. Kemp and Detective Halbert "chatted" again on December 11. That conversation included "sexual questions and suggestions of where [they] could meet" for sex. Record at 23. "Ineedyoungtight1" indicated that he would bring some condoms with him when they decided to meet. They eventually agreed to meet in a restaurant parking lot near a motel. Kemp then described the vehicle he would be driving, and the two made plans to meet in the parking lot that evening.

At approximately 7:45 p.m. on December 11, Detective Halbert and two other officers arrived at the restaurant parking lot. Shortly thereafter, Detective Halbert observed a vehicle matching the description that "Ineedyoungtight1"had given him. After Kemp entered the parking lot, he was immediately arrested and the detectives seized a grocery bag from the rear seat floorboard. The bag contained a package of twelve condoms.

---

1. IND. CODE § 35–42–4–3(A)(1); IND. CODE § 35–41–5–1.

2. I.C. § 35–42–4–6.

As a result of the incident, the State filed the following informations against Kemp:

COUNT I—On December 11, 1999, JAMES M. KEMP, a person at least twenty-one (21) years of age, did with Brittney4u2, a child under fourteen (14) years of age, attempt to perform sexual intercourse, to-wit: by agreeing to meet Brittney4u2 at the Kentucky Fried Chicken in Hamburg, Clark County, Indiana, and/or by bringing Trojan condoms with him, said acts constituting a substantial step toward the commission of the offense of Child Molesting.

COUNT II—On December 11, 1999, JAMES M. KEMP, a person at least twenty-one (21) years of age, did with Brittney4u2, a child under fourteen (14) years of age, attempt to perform deviate sexual conduct, to-wit: by agreeing to meet Brittney4u2 at the Kentucky Fried Chicken in Hamburg, Clark County, Indiana, and/or by bringing Trojan condoms with him, said acts constitution a substantial step toward the commission of the offense of Child Molesting.

COUNT III—Between December 10, 1999 and December 11, 1999, JAMES M. KEMP, a person at least eighteen (18) years of age, did knowingly or intentionally solicit Brittney4u2, a child under fourteen (14) years of age, to engage in sexual intercourse and/or deviate sexual conduct and/or any fondling or touching intended to arouse or to satisfy the sexual desires of either Brittney4u2 or James M. Kemp, and did so by using a computer network.

R. at 21–22.

On August 28, 2000, Kemp filed a motion to dismiss all counts against him. He contended that the facts alleged in the charging informations did not constitute an offense because there was no victim or intended victim, the facts under the attempted child molesting counts were insufficient inasmuch as they failed to allege a substantial step toward the commission of those offenses, and the trial court lacked jurisdiction because the State failed to allege that the crimes occurred in Indiana. The trial court ultimately granted the motion to dismiss, determining that the offense of attempted child molesting requires that the victim must be a child. Thus, inasmuch as Kemp was charged with the attempted molestation of a fictitious or imaginary person, the trial court concluded that no offense had been committed. The child solicitation charge was also dismissed for these same reasons, and the State now appeals.

## DISCUSSION AND DECISION
### I. Standard of Review

IND. CODE § 35–34–1–4(a)(5) provides that a criminal charge may be dismissed when "the facts stated do not constitute an offense." Moreover, this court will affirm the trial court's judgment if it is sustainable on any basis in the record, even though not a theory enunciated by the trial court. *Benham v. State*, 637 N.E.2d 133, 138 (Ind. 1994). That is, we can affirm the trial court on any legal basis apparent in the record. *Ross v. State*, 676 N.E.2d 339, 345 (Ind.1996).

When called upon to interpret a statute, we review the trial court's decision *de novo*. *Herron v. State*, 729 N.E.2d 1008, 1010 (Ind.Ct.App.2000), *trans. denied*. The primary goal in interpreting the meaning of a statute is to determine and effectuate legislative intent. *Id.* Additionally, a court may not read into a statute that which is not the expressed intent of the legislature. *Id.* Penal statutes are to be strictly construed against the State to avoid enlarging them by intendment or implication beyond the fair meaning of the language used. *State v. Rans*, 739 N.E.2d

164, 166 (Ind.Ct.App.2000), *trans. denied.* While an act may fall within the spirit of a statute, it will not constitute a crime unless it is also within the words of the statute. *Herron,* 729 N.E.2d at 1010.

## II. Dismissal of Charges

### A. Child Molesting

The State asserts that the trial court erred in dismissing the charges against him because convictions for sex crimes are proper in instances where police officers pose as child victims on the Internet. Kemp maintains, however, that dismissal was proper because the facts set forth in the charging informations with respect to counts I and II were insufficient so as to constitute a substantial step toward the offense of child molesting.

To attempt to commit a crime, a person must act with the culpability required for the commission of the crime and engage "in conduct that constitutes a substantial step toward the commission of the crime." I.C. § 35–41–5–1(a). Some actual overt step must be taken or an act in furtherance of committing the crime must be done. *Hughes v. State,* 600 N.E.2d 130, 131–32 (Ind.Ct.App.1992). The overt act must reach far enough towards accomplishing the attempted crime as to amount to commencement of consummation of the crime. *See id.* The overt act must go beyond preparation and planning. *Williams v. State,* 685 N.E.2d 730, 734 (Ind.Ct.App.1997).

We note that both parties point out that Indiana has not had the occasion to decide the issue presented today. Additionally, our research has revealed no reported case from this State regarding the type of conduct necessary so as to constitute a substantial step in an alleged child molesting offense when correspondence over the Internet has occurred. Thus, in countering the State's argument that dismissal of the child molesting charges was erroneous in this circumstance, Kemp directs us to *State v. Duke,* 709 So.2d 580 (Fla.Dist.Ct. App.1998), where the Florida Court of Appeals reversed the defendant's conviction for attempted sexual battery on a child based on communications over the Internet. The defendant, Duke, had communicated on the Internet with a person he thought was a twelve-year-old girl using the name "Niki 012." In fact, the individual was an adult male, Detective Irwin, assigned to the sex crimes unit who was surfing the Internet "chat rooms" looking for persons attempting to solicit children for sexual acts. *Id.* at 581. Duke and "Niki" discussed participating in various sexual acts in explicit terms. *Id.* When Duke arrived in a parking lot where the two had agreed to meet, he was arrested and charged with three counts of attempted sexual battery. Following the trial, Duke was granted a new trial on the grounds that erroneous jury instructions were given and the verdict was contrary to the law and weight of the evidence. On appeal, however, the Florida Court of Appeals determined that the evidence was insufficient to support the conviction. In so holding, the court observed that:

> [Duke] discussed sexual acts with 'Niki,' he intended to commit them with Niki, he planned an occasion where he could carry out those acts, and he arrived at a prearranged meeting point. But we conclude that is not enough to constitute an attempt to commit a sexual battery.

*Id.* at 582.[3]

---

**3.** We note that the Florida legislature revised the statute under which Duke was charged and criminalized the use of a computer to solicit sex from a minor or from a person believed to be a minor. The incident regarding Duke arose before the effective date of the

■ In the instant case, the State alleged in its charging information that Kemp had committed a substantial step toward the offense of child molesting when he agreed to meet "Brittney4u2" at a restaurant parking lot, drove there, and brought some condoms with him. R. at 21. Under these circumstances, we observe that the facts alleged in the information do not reach the level of an overt act leading to the commission of child molesting. At most, such allegations only reach the level of preparing or planning to commit an offense. Were we to conclude otherwise, there would be no limit on the reach of "attempt" crimes. As a result, we conclude that the trial court properly granted Kemp's motion to dismiss the two child molesting counts.

### B. Solicitation

The State next urges that the trial court erred in dismissing the Child Solicitation charge against Kemp. Specifically, it asserts that the charging information pertaining to this offense was sufficient because all elements of the offense were satisfied in light of the acts that Kemp had committed.

Our child solicitation statute, I.C. § 35–42–4–6, provides that:

A person eighteen (18) years of age or older who knowingly or intentionally solicits a child under fourteen (14) years of age to engage in:

(1) sexual intercourse;

(2) deviate sexual conduct; or

(3) any fondling or touching intended to arouse or satisfy the sexual desires of

either the child or the older person; commits child solicitation, a Class D felony. However, the offense is a Class C felony if it is committed by using a computer network.

In construing this statute, our supreme court has observed that there are two separate tests to determine when solicitation arises and whether a substantial step toward its commission has occurred. The first test is comprised of three parts: (1) solicitation takes the form of urging; (2) the solicitation urges the immediate commission of the crime; and (3) cooperation or submission of the person solicited is an essential feature of the substantive crime. *Ward v. State*, 528 N.E.2d 52, 54 (Ind. 1988). If these factors exist, the court goes on to consider the specific crime and the wrongful human conduct that the legislature sought to sanction. *Id.*

■ Here, it is apparent from the language set forth in the probable cause affidavit that any "urging" was contemplated by Detective Halbert posing as "Brittney4u2"—not Kemp. Moreover, it was "Brittney4u2" who sought out Kemp. While the conversation that occurred on December 10 was sexually explicit, no immediate plans were made at that time to meet, and there is no language that can be gleaned from the charging document that Kemp urged "Brittney4u2" to engage in any conduct. Moreover, in the conversations that occurred on December 11, Detective Halbert's communications as "Brittney4u2" asked "Ineedyoungtight1" to photograph her. "Brittney4u2" then told him to "come on down" and suggested

---

new offense. The new version of the statute reads:

Any person who knowingly utilizes a computer on-line service, Internet service, or local bulletin board service to seduce, solicit, lure, or entice, or attempt to seduce, solicit, lure, or .entice, a child *or another*

*person believed by the person to be a child*, to commit any illegal act described in chapter[s] ... commits a felony of the third degree.

Section 847.0135(3), Florida Statutes (Supp. 1996) (Emphasis supplied).

a meeting place. Once again, there is no dispute that "Ineedyoungtight1" asked a number of sexually explicit questions and made a number of explicit comments. However, the charging information does not sufficiently allege that Kemp urged "Brittney4u2" to do anything. To the extent that there was any allegation of solicitation in this case, it did not take the form of urging. Moreover, there is nothing to demonstrate that the offense was to be "immediately committed" as required under the test enunciated in *Ward.* Thus, we conclude that Kemp's conduct as alleged in the charging document did not rise to the level of child solicitation, and the trial court properly dismissed the information for this offense as well.

Notwithstanding our decision today affirming the dismissal of the charges lodged against Kemp, Indiana is not helpless to protect our children from adult predators. For instance, it is a federal offense to cross a state line for the purpose of having sex with a minor.[4] Thus, some protection is afforded, at least, against out-of-state internet predators.

We recognize the many challenges the Internet poses in preventing the commission of criminal acts against children, along with the difficulty in monitoring the cyber world. Indiana legislators may wish to consider a somewhat more expansive definition of child solicitation in circumstances where a computer network is involved. In the current version of the statute, a defendant's act of solicitation must be directed only toward a "child." Our General Assembly could revise the statute to contain language similar to the Florida version, which permits a defendant to be found guilty of committing the offense if a child

or another person "believed by the defendant to be a child" is solicited. *See* Section 847.0135(3), Florida Statutes (Supp.1996).[5] Amendment to the statute might very well permit the State to prosecute offenders for Child Solicitation in situations such as the one presented in the instant case.

Judgment affirmed.

BAILEY, J., and MATHIAS, J., concur.

---

4. 18 U.S.C. § 2423(b).

5. Certainly, there may well be other, equally effective statutory modifications available to Indiana legislators, such as expansion of the "child" solicited to include a law enforcement officer posing as a child.