**Michael G. LaROSE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 29A02–0403–CR–221.**

Court of Appeals of Indiana.

Jan. 14, 2005.

James D. Crum, Coots, Henke & Wheeler, P.C., Carmel, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Robyn M. Williamson, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

MATHIAS, Judge.

Michael LaRose's ("LaRose") Motion to Dismiss was denied in Hamilton Superior Court. LaRose brings this interlocutory appeal, raising the following restated issue for review: Whether Indiana Code section 35–42–4–6 [1] is unconstitutional. Concluding that Indiana Code section 35–42–4–6 is constitutional, we affirm.

1. Ind.Code § 35–42–4–6 (2004).

2. Ind.Code § 35–42–4–6.

**Facts and Procedural History**

On July 3, 2002, Noblesville Police Department Detective Mike Widner ("Detective Widner") logged on to an Internet chat room and impersonated a thirteen-year-old girl, using the chat room name of "Kimmie2fun2." LaRose allegedly "instant messaged" Detective Widner, made several sexually explicit remarks, and attempted to arrange a meeting. On July 8, 2002, LaRose again allegedly conversed with Detective Widner's chat room alias on the Internet. During this session, Detective Widner and LaRose agreed to meet at the Noblesville Wal–Mart parking lot. When LaRose arrived at the designated parking lot, he was arrested.

On July 26, 2002, the State charged LaRose by information with Class C felony child solicitation [2] and Class A misdemeanor possession of marijuana. [3] LaRose moved to dismiss his child solicitation allegation, challenging the constitutionality of Indiana Code section 35–42–4–6. The trial court denied LaRose's motion but certified his decision for interlocutory appeal, and this court has accepted jurisdiction of this case.

**Discussion and Decision**

A statute is presumed constitutional until the party challenging the statute clearly overcomes this presumption by a contrary showing. *Sims v. U.S. Fid. & Guar. Co.*, 782 N.E.2d 345, 349 (Ind.2003) (citing *Boehm v. Town of St. John*, 675 N.E.2d 318, 321 (Ind.1996)). This court may nullify a statute on constitutional grounds only where such a result is clearly rational and necessary. *Id.* (citing *Bd. of Comm'rs of the County of Howard v. Kokomo City Plan Comm'n*, 263 Ind. 282, 284, 330 N.E.2d 92, 95 (1975)).

3. Ind.Code § 35–48–4–11(1) (1998).

Whether a statute is constitutional on its face is a question of law. *State v. Moss–Dwyer*, 686 N.E.2d 109, 110 (Ind. 1997) (citing *In re Pub.L. No. 154–1990*, 561 N.E.2d 791, 792 (Ind.1990)). When the issue presented on appeal is a question of law, we review the matter *de novo*. *Id.* (citing *Brown v. State*, 653 N.E.2d 77, 81 (Ind.1995)).

## A. Content-based restrictions of speech

A time, place, or manner restriction of speech is constitutionally permissible so long as it is reasonable. *Consol. Edison Co. v. Pub. Serv. Comm'n*, 447 U.S. 530, 536, 100 S.Ct. 2326, 65 L.Ed.2d 319 (1980). However, when a government regulation restricts the content of speech, the regulation must satisfy "strict scrutiny." *Simon & Schuster, Inc., v. Members of the N.Y. State Crime Victims*, 502 U.S. 105, 118, 112 S.Ct. 501, 116 L.Ed.2d 476 (1991) (citing *Ark. Writers' Project, Inc. v. Ragland*, 481 U.S. 221, 231, 107 S.Ct. 1722, 95 L.Ed.2d 209 (1987)). In order to satisfy strict scrutiny, the regulation must be (1) necessary to serve a(2) compelling state interest and (3) narrowly drawn. *Id.* A regulation is narrowly drawn if the state interest would be achieved less effectively absent the regulation. *United States v. Albertini*, 472 U.S. 675, 689, 105 S.Ct. 2897, 86 L.Ed.2d 536 (1985).

Indiana Code section 35–42–4–6 states in part:

(a) As used in this section, "solicit" means to command, authorize, urge, incite, request, or advise an individual: (4) by using a computer network; to perform an act described in subsection (b).

(b) A person eighteen (18) years of age or older who knowingly or intentionally solicits a child under fourteen (14) years of age, *or an individual the person believes to be a child under fourteen (14) years of age,* to engage in:

(3) any fondling or touching intended to arouse or satisfy the sexual desires of either the child or the older person;

commits child solicitation, a Class D felony. However, the offense is a Class C felony if it is committed by using a computer network.

(c) In a prosecution under this section, including a prosecution for attempted solicitation, the state is not required to prove that the person solicited the child to engage in an act described in subsection (b) at some immediate time.

Ind.Code section 35–42–4–6 (emphasis added). Indiana Code section 35–42–4–6 criminalizes speech sexually soliciting an individual under the belief that the individual solicited is a minor, which is a content-based regulation subject to strict scrutiny.

### 1. "Compelling state interest"

LaRose concedes Indiana Code section 35–42–4–6 serves a compelling State interest and "admits" the statute's purpose is "to suppress the lawless action of engaging in sex with a child." Br. of Appellant at 6. However, we need not so broadly define the purpose of the statute. Indeed, were we to do so, it might not pass constitutional muster under the "necessary" prong of strict scrutiny.

Indiana Code section 35–42–4–6 serves two state interests not addressed by LaRose that do in fact pass strict scrutiny under the Constitution. First, Indiana Code section 35–42–4–6 is the General Assembly's determination that an adult urging a child to have sex is an inherent evil *in and of itself* that causes harm to the solicited child *regardless of whether the solicited act is consummated.* Second, Indiana Code section 35–42–4–6 allows the

State to interdict child predators before they are able to solicit an actual child— proactively seeking a child predator before the predator has injured children rather than retroactively seeking the predator after the predator has harmed children. We believe and hold that these purposes are clearly compelling.

### 2. *"A necessary means"*

■ Aside from the absurd alternative of requiring the police to use actual children rather than undercover officers, there does not appear to be a way of frustrating and apprehending child predators other than through impersonation contemplated by the statute and discussed above. Accordingly, Indiana Code section 35–42–4–6's punishment of sexually solicitous speech under the mistaken belief that the solicitee is a child satisfies the "necessary" prong of strict scrutiny.

### 3. *"Narrowly drawn"*

■ LaRose contends Indiana Code section 35–42–4–6 is insufficiently narrow because it criminalizes the solicitation of an adult police officer, a solicitation which is not illegal.[4] Br. of Appellant at 4–7 (citing *Ashcroft v. Free Speech Coalition,* 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002)).

In *Free Speech Coalition,* the Supreme Court struck down a statute prohibiting the production of sexual images of children manufactured by a computer. 535 U.S. at 240–41, 122 S.Ct. 1389. LaRose contends *Free Speech Coalition* requires the same result in the case at bar, because, like "the

virtual imaging upheld in *Free Speech Coalition,*" no actual children were involved in his solicitation.

However, *Free Speech Coalition* is clearly distinguishable, as it concerned computer-generated, child pornography rather than active predators searching for child-victims. The direct link between an active predator and child safety elevates the State's interest in the issue at bar. Also, the fact Indiana Code section 35–42–4–6 involves the predator's mistaken belief that the person solicited is a child under fourteen distinguishes the case at bar from *Free Speech Coalition. Free Speech Coalition* does not hold that speech constituting a crime becomes protected speech if due to a "mistake of fact." *Free Speech Coalition* no more protects the speech of a predator who is soliciting a person mistakenly believed to be a child than it protects the speech of someone who solicits a person mistakenly believed to be a hit man for murder-for-hire when in fact the person solicited is a police officer.

### B. *The mens rea of "belief"*

■ LaRose challenges Indiana Code section 35–42–4–6's phrase of "or an individual the person believes to be a child under fourteen," claiming that this "element" adds another layer of *mens rea* and uncertainty as to the level of belief one must possess to trigger the statute. Br. of Appellant at 8. However, LaRose is mistaken in his characterization of this phrase as an "element;" rather, this phrase *broadens* the scope of Indiana Code section 35–

---

4. LaRose raises this claim as an "overbreadth challenge." The overbreadth doctrine is a limited exception to the traditional standing rule that a person to whom a statute may constitutionally be applied may not challenge the statute on the basis that it may conceivably be applied in an unconstitutional manner to others not before the court. *Staley v.*

*Jones,* 239 F.3d 769, 784 (6th Cir.2001) (citing *Broadrick v. Oklahoma,* 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973)). LaRose stands accused of committing the act he claims is protected speech. Accordingly, overbreadth analysis is inapplicable, and we address LaRose's contentions under conventional strict scrutiny review.

42–4–6 by allowing convictions if the solicited individual is believed to be under fourteen.

Stated another way, when the General Assembly amended Indiana Code section 35–42–4–6, it was in all likelihood responding to *State v. Kemp*, 753 N.E.2d 47 (Ind. Ct.App.2001), *trans denied.* Under the amended version of Indiana Code section 35–42–4–6, rather than leaving it to litigants or interpretive courts to find and invoke Indiana Code section 35–41–3–7's "mistake of fact" provision [5] when a defendant claims he or she was mistaken as to the solicitee's identity or age, the General Assembly asserted its compelling state interest in protecting children by proactively removing a mistake of fact defense by the express terms of the statute itself.

### C. *Vagueness*

 LaRose claims Indiana Code section 35–42–4–6 is constitutionally void for vagueness. The "void for vagueness doctrine" requires a penal statute to define an offense with sufficient definitiveness that ordinary people can understand what conduct is prohibited. *State v. Dugan*, 793 N.E.2d 1034, 1040 (Ind.2003) (citing *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983)). Indiana Code section 35–42–4–6 unequivocally informs individuals they may not use a computer to sexually solicit a child under the age of fourteen and mistake of fact is not a defense.

### D. *Solicitation*

 LaRose claims he is not guilty of solicitation because there is no indication he solicited an individual to engage in an act "at some immediate time." However, the crime of child solicitation *is completed* at the time of the utterance. *See* Ind.Code section 35–42–4–6. The urging to perform the act—rather than the performance of the urged act—constitutes child solicitation.

LaRose relies on *Kemp*, 753 N.E.2d at 51, for the proposition that solicitation requires the solicited act to be performed at some immediate time. *Kemp* does hold that the solicitation must urge some immediate act. *Kemp*, 753 N.E.2d at 51–52. However, *Kemp's* characterization of solicitation was not the result of constitutional considerations. *Kemp*, 753 N.E.2d at 51. Because *Kemp* does not attach constitutional significance to its definition of solicitation, the General Assembly was free to amend the statute interpreted by *Kemp* and did so. The current version of Indiana Code section 35–42–4–6 not only does not express an immediacy requirement for the act urged by the solicitor *but specifically states there is no immediacy requirement.* Ind.Code § 35–42–4–6(c).

LaRose finally asserts the absence of an immediacy requirement violates the constitutional command that crimes related to speech must call for immediate criminal conduct. Br. of Appellant at 5–6, 10 (citing *Hess v. Indiana*, 414 U.S. 105, 108, 94 S.Ct. 326, 38 L.Ed.2d 303 (1973)). In *Hess*—as was ably argued by Hess' attorney—when Hess shouted "[w]e'll take the ... street later" during an anti-war demonstration in Bloomington, Hess did not call for immediate criminal conduct. *Hess*, 414 U.S. at 108, 94 S.Ct. 326. Because Hess' urged illegal act of "taking the street" was advocated to be done in the future, his conviction was overturned for failure to satisfy the constitutional requirement of immediacy. *Id.*

---

**5.** In Indiana, a defendant may avoid conviction on the basis of a mistake of fact only if the mistake was (1) reasonable and (2) negated the culpability required for the offense. *See* Ind.Code § 35–41–3–7 (1998).

Indiana Code section 35–42–4–6's prohibited conduct is distinguishable from *Hess'* proposed future crime of taking the street. LaRose's alleged act of soliciting a person whom he allegedly believed was thirteen actually constituted the crime. As such, LaRose's alleged crime was not only imminent but consummated.[6]

### Conclusion

 Indiana Code section 35–42–4–6 is constitutional, and the trial court did not err in denying LaRose's Motion to Dismiss.[7]

Affirmed.

DARDEN, J. and FRIEDLANDER, J., concur.

---

6. *Hess* also attaches significance to the fact that Hess' statement was not directed at any particular individual. 414 U.S. at 107–09, 94 S.Ct. 326. The fact that LaRose's statement was allegedly directed at a specific individual whom LaRose thought to be a child is significant. Exposure of children to such solicitations is a specific harm that the statute seeks to avoid.

7. LaRose also asserts Indiana Code section 35–42–4–6 is unconstitutional under the Indiana Constitution. However, LaRose fails to develop this argument, and it is waived.