Kevin KUYPERS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0706–CR–522.

Court of Appeals of Indiana.

Jan. 9, 2008.

Transfer Denied March 24, 2008.

John (Jack) F. Crawford, Crawford & Devane Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

### OPINION

BAKER, Chief Judge.

Appellant-defendant Kevin Kuypers appeals his conviction for Child Solicitation,[1] a class C felony. Kuypers argues that evidence that he engaged in an online chat

1. Ind.Code § 35–42–4–6.

with a believed-to-be fifteen-year-old girl, in which he neither specifically asked her to do anything nor made specific arrangements to meet in person, is insufficient to support the conviction. Finding the evidence sufficient, we affirm.

### FACTS

The facts herein are undisputed. In early July 2006, employees of the Marion County Prosecutor's Office and the Indianapolis Metropolitan Police Department embarked on an Internet investigation involving the solicitation of children for sex. As part of the investigation, the investigators created a profile on the Yahoo member director of a fifteen-year-old girl named Samantha.

On July 11, 2006, "Samantha" was contacted by "mugs_32778." Tr. p. 69–70. An instant message chat ensued between Samantha and mugs_32778:

mugs_32778: so tell me about yourself

samantha_dyer61: 15 5′6 100 like to have a good time

mugs_32778: what kind of good time

samantha_dyer61: name it

mugs_32778: bent over your table with my d*ck in your p*ssy, while I smack your [a]ss

* * *

mugs_32778: . . . your titts [sic] how big are they

samantha_dyer61: 32b

mugs_32778: nice

samantha_dyer61: thanks

mugs_32778: are they perky

samantha_dyer61: what do u think

mugs_32778: lol

mugs_32778: id [sic] hope so

* * *

mugs_32778: you like doggie

samantha_dyer61: yea i like dogs lol

* * *

mugs_32778: oh boy what am i going to do with you

samantha_dyer61: u tell me

* * *

mugs_32778: have you ever meet [sic] off line

* * *

samantha_dyer61: yes

mugs_32778: so when can I take you out.

samantha_dyer61: out where?

mugs_32778: anywhere you want

samantha_dyer61: really what would we do?

mugs_32778: anything you would like

samantha_dyer61: kool

* * *

mugs_32778: ok so what do you have in mind

samantha_dyer61: lots how bout u

* * *

mugs_32778: so when works for you

samantha_dyer61: what do u have in mind.

mugs_32778: anything

samantha_dyer61: kool

mugs_32778: i just never been in indy all that much and dont no [sic] where anything is.

* * *

mugs_32778: so you have a number

samantha_dyer61: well yes but my dads home

* * *

mugs_32778: he will get mad if I call

samantha_dyer61: i'm grounded til Monday

mugs_32778: well it looks i wont call till Monday

samantha_dyer61: k kool

State's Ex. 4. At some point during the chat, Kuypers sent Samantha four pictures of himself. The chat ended with no specific plans to meet being made and mugs_32778 never attempted to call "Samantha."

Police eventually learned that mugs_32778 was Kuypers. On August 2, 2006, they went to Kuypers's residence, questioned him, and ultimately arrested him. On August 11, 2006, the State charged Kuypers with class C felony child solicitation, and a jury found him guilty as charged on March 1, 2007. The trial court sentenced him to four years imprisonment, all suspended, and three years of probation. Kuypers now appeals.

## DISCUSSION AND DECISION

■■■ Kuypers argues that the evidence is insufficient to support his conviction. In reviewing Kuypers's claim, we will neither reweigh the evidence nor judge the credibility of witnesses. *McHenry v. State,* 820 N.E.2d 124, 126 (Ind.2005). The evidence is sufficient if an inference may reasonably be drawn from it to support the judgment. *Drane v. State,* 867 N.E.2d 144, 146 (Ind.2007).

The child solicitation statute provides as follows:

(a) As used in this section, "solicit" means to command, authorize, urge, incite, request, or advise an individual:

* * *

(4) by using a computer network (as defined in IC 35–43–2–3(a));

* * *

to perform an act described in subsection (b) or (c).

* * *

(c) A person at least twenty-one (21) years of age who knowingly or intentionally solicits ... an individual the person believes to be a child at least fourteen (14) years of age but less than sixteen (16) years of age, to engage in:

(1) sexual intercourse;

(2) deviate sexual conduct; or

(3) any fondling or touching intended to arouse or satisfy the sexual desires of either the child or the older person;

commits child solicitation, a Class D felony. However, the offense is a Class C felony if it is committed by using a computer network (as defined in IC 35–43–2–3(a)) . . . .

(d) In a prosecution under this section, including a prosecution for attempted solicitation, the state is not required to prove that the person solicited the child to engage in an act described in subsection (b) or (c) at some immediate time.

I.C. § 35–42–4–6. "Authorize" means, in relevant part, "[e]ndow (a person, body, etc.) with authority ..." *The New Shorter Oxford English Dictionary* 151 (Thumb Index ed.1993). "Request" means "[a]sk to be favoured with or given (a thing), ask for; express a wish or desire *that, to do;* ask to be allowed *to do;* ask (a person) *to do* something." *Id.* at 2556 (emphases in original). "Advise" means, in relevant part, "[r]ecommend." *Id.* at 32.

Here, the facts are undisputed. Kuypers engaged in an online conversation with a person he believed to be a fifteen-year-old girl. In the course of that conversation, he elicited information regarding her age, height weight, and breast size.

He asked what she likes to do for a "good time," she replied, "name it," and he described his idea of a "good time": "bent over your table with my d*ck in your p*ssy, while I smack your [a]ss ..." State's Ex. 4. He asked her if she likes "doggie," clearly referring to a specific position for sexual intercourse. *Id.* Kuypers then asked her if she had "meet [sic] off line," and after she responded "yes," he asked, "so when can i take you out[?]" *Id.* He explained, "i just never been in indy all that much and dont no [sic] where anything is...." *Id.* Kuypers also sent Samantha four pictures of himself.

We believe that an inference may reasonably drawn from this evidence that Kuypers was, at the least, expressing a wish or desire that Samantha meet him in person and engage in, among other things, sexual intercourse. He asked Samantha to meet him offline; that she responded by explaining that she was grounded does not change the fact that he made the request, that he recommended a course of action, or that he implicitly gave her permission—authority—to meet him in person and engage in sexual activity.

Kuypers argues that because their conversation did not include details, he is impermissibly being punished for his thoughts. He is wrong. Kuypers did more than fantasize about having sex with a fifteen-year-old girl; he sought one out on the Internet, described his fantasy in detail, and suggested that they meet in person. Thus, he acted.

■ Our General Assembly has seen fit to criminalize those acts by enacting a law banning child solicitation via the Internet. There is no requirement that a solicitor actually complete the act of meeting with his or her victim to commit the crime of child solicitation. *LaRose v. State*, 820 N.E.2d 727, 730–32 (Ind.Ct.App.2005), *trans, denied* (finding the statute to be constitutional and explaining that "the crime of child solicitation is *completed* at the time of the utterance[; t]he urging to perform the act—rather than the performance of the urged act—constitutes child solicitation") (emphasis in original) (citation omitted). Furthermore, the statute does not require that the solicitor inject details into the conversation such as the time and place of the act. Indeed, the statute "not only does not express an immediacy requirement for the act urged by the solicitor *but specifically states there is no immediacy requirement.*" *Id.* (citing I.C. § 35–42–4–6(c)) (emphasis in original). Neither a meeting nor an immediate request is necessary to complete the crime of child solicitation because it is the mere "[e]xposure of children to such solicitations ... that the statute seeks to avoid." *Id.* at 733 n. 6. Therefore, to commit child solicitation, a person must merely "command, authorize, urge, incite, request, or advise" a child to commit the act.

Here, it may reasonably be inferred from the evidence that Kuypers requested and advised Samantha to meet with him and engage in, among other things, sexual intercourse. The absence of details does not make him any less guilty. We find, therefore, that the State presented sufficient evidence to support Kuypers's conviction for child solicitation.

The judgment of the trial court is affirmed.

DARDEN, J., and BRADFORD, J., concur.