



FILED

Feb 19 2026, 8:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Reid J. Cowan,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

February 19, 2026

Court of Appeals Case No.
25A-CR-1744

Appeal from the Grant Superior Court

The Honorable Nathan D. Meeks, Judge

Trial Court Cause No.
27D02-2407-F4-38

---

**Opinion by Judge Foley**
Chief Judge Tavitas and Judge Weissmann concur.

**Foley, Judge.**

[1] Reid J. Cowan ("Cowan") moved to dismiss a charge of Level 4 felony child solicitation[1] on the basis that Grant County is an improper venue. The trial court denied the motion, and Cowan now brings this interlocutory appeal. Cowan maintains that Grant County is an improper venue. We affirm.

## Facts and Procedural History

[2] In July 2024, the State charged Cowan with Level 4 felony child solicitation, alleging Cowan solicited a person he believed to be under the age of fourteen— a person known to Cowan as "Kristi"—to engage in sexual intercourse or other sexual conduct intended to arouse his or her sexual desires. The State sought an elevated Level 4 felony conviction—rather than a Level 5 felony—based on allegations that Cowan (1) used a computer network to communicate with "Kristi" and (2) traveled to meet "Kristi," whom he believed to be a child.

[3] In the probable cause affidavit, the State alleged "Kristi" was in fact Anastasia Salis ("Salis"), a woman who portrayed herself as a thirteen-year-old girl in communications with Cowan. Salis—a member of an organization called Predator Catchers Incorporated ("PCI")—spoke with the police after Cowan arranged to meet "Kristi" at a store in Marion, Grant County, Indiana. When Cowan arrived, members of PCI followed Cowan and asked to speak with him.

---

[1] Ind. Code § 35-42-4-6(b).

Cowan drove off in a Ford Fusion that had a license plate registered to him. Salis provided copies of her communications with Cowan, which were exchanged while she lived in Marion County and he lived in Allen County.

[4] The State charged Cowan with child solicitation in Grant County. Cowan filed a motion to dismiss, arguing Grant County was "not the proper venue for this action." Appellant's App. Vol. II p. 33. Cowan claimed that "venue exists where the actual child solicitation occurred"—i.e., Marion County or Allen County—but "not in the county where the meet-up was planned." *Id.*

[5] In February 2025, the trial court held a hearing. The trial court denied the motion in May 2025, concluding that "Grant County is the proper venue." *Id.* at 45.[2] Upon Cowan's request, the trial court certified its decision. Cowan then filed a motion to perfect the instant interlocutory appeal, which was granted.

## Discussion and Decision

[6] Cowan maintains that Grant County is not a proper venue. Although Cowan raised this issue in a motion to dismiss, on appeal, Cowan acknowledges that transfer—rather than dismissal—is the proper remedy for a defect in venue. Cowan ultimately asks us to remand the case for transfer into another county.

---

[2] The trial court also correctly noted that transfer, rather than dismissal, is the proper remedy for a venue defect.

[7] The Indiana Constitution specifies that "[i]n all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury, *in the county in which the offense shall have been committed*[.]" Ind. Const. art. 1, § 13(a) (emphasis added). This right is reflected in Indiana Code section 35-32-2-1(a), which provides that "[c]riminal actions shall be tried in the county where the offense was committed, except as otherwise provided by law." Notably, however, the Indiana Constitution "does not contemplate exonerating criminals simply because the nature of the crime itself makes venue unknowable." *Cutter v. State*, 725 N.E.2d 401, 409 (Ind. 2000). Therefore, in subsequent statutory subsections, our legislature addressed the venue requirement in scenarios where the location of an offense is less clear, including where "an offense is committed in Indiana and it cannot readily be determined in which county the offense was committed[.]" Ind. Code § 35-32-2-1(d). In this scenario, "trial may be in any county in which an act was committed in furtherance of the offense." *Id.*

[8] Cowan argues that no act in furtherance of the offense occurred in Grant County. This argument is based on Cowan's reading of Indiana Code section 35-42-4-6. Statutory interpretation presents a pure question of law, which we review de novo. *E.g.*, *N.L. v. State*, 989 N.E.2d 773, 777 (Ind. 2013). Our "primary goal" in interpreting any statute is to "effectuate legislative intent." *Id.* If the statue is "clear and unambiguous," we "do not apply any rules of construction other than giving effect to the plain and ordinary meaning of the language." *Id.* (quoting *Sloan v. State*, 947 N.E.2d 917, 922 (Ind. 2011)).

[9]     Here, the State charged Cowan with Level 4 felony child solicitation pursuant to Indiana Code section 35-42-4-6(b).  This statute provides as follows:

> A person eighteen (18) years of age or older who knowingly or intentionally solicits a child under fourteen (14) years of age, or an individual the person believes to be a child under fourteen (14) years of age, to engage in sexual intercourse, other sexual conduct (as defined in IC 35-31.5-2-221.5), or any fondling or touching intended to arouse or satisfy the sexual desires of either the child or the older person, commits child solicitation, a Level 5 felony.  However, the offense is a Level 4 felony if the person solicits the child or individual the person believes to be a child under fourteen (14) years of age to engage in sexual intercourse or other sexual conduct (as defined in IC 35-31.5-2-221.5) and:
>
> > (1) commits the offense by using a computer network (as defined in IC 35-43-2-3(a)) and travels to meet the child or individual the person believes to be a child; or
> >
> > (2) has a previous unrelated conviction for committing an offense under this section.

I.C. § 35-42-4-6(b).  Cowan focuses on the fact that subsection (b) first identifies a Level 5 felony offense and later states that "the offense" is a Level 4 felony if the State proves additional elements.  *Id.*  Based on this language, Cowan argues that "the offense" that matters for venue purposes is the base offense of Level 5 felony child solicitation.  *See* Appellant's Br. p. 14 ("'[T]ravels to meet' is not a material element of the base offense of child solicitation, but instead an element that enhances the penalty for an act of child solicitation." (quoting I.C.

§ 35-42-4-6(b)).  He argues that travel was not an act in furtherance of Level 5 felony child solicitation, which was complete before travel to Grant County.

[10] Cowan largely relies on *Neff v. State*, which involved a child solicitation conviction under an older version of the statute.  915 N.E.2d 1026 (Ind. Ct. App. 2009), *trans. denied*.  There, as here, the State alleged that the defendant solicited a person he believed to be a child.  *See id.* at 1029–30.  In that case, the defendant used a computer in Madison County to send messages to a person in Georgia.  *Id.* at 1032.  The defendant was apprehended, charged, and convicted in Hamilton County, where he had traveled to meet the person.  *Id.* at 1034–35.

[11] In *Neff*, the applicable statute lacked any reference to a meet up.  *See* I.C. § 35-42-4-6(b) (2005).  Rather, child solicitation was elevated only if the defendant used a computer.  We determined that Hamilton County was not a proper venue, reasoning that the defendant "completed all the conduct that was required to establish the crime of child solicitation when he sat at his computer in Madison County and typed vulgar messages that were sent to and received by someone in Georgia."  *Neff,* 915 N.E.2d at 1034.  As we explained, the defendant "did not engage in any conduct in furtherance of child solicitation in Hamilton County."  *Id.*  In reaching our decision, we referred to caselaw indicating that "the crime of child solicitation is completed at the time of the utterance."  *Id.* (quoting *LaRose v. State*, 820 N.E.2d 727, 732 (Ind. Ct. App. 2005), *trans. denied*).

[12] We decided *Neff* in 2009. Notably, the Indiana General Assembly subsequently amended Indiana Code section 35-42-4-6(b), choosing to elevate the offense where the defendant "commits the offense by using a computer network" *and* "travels to meet the child or individual the person believes to be a child[.]" This amendment—which introduced travel as an element of Level 4 felony child solicitation—renders *Neff* distinguishable. Indeed, in *Neff*, the State could obtain a conviction for the charged offense regardless of the defendant's travel. Here, however, Cowan has been charged with Level 4 felony child solicitation. And travel is an element of this offense. Under the circumstances, we conclude that Cowan's travel to Grant County was "an act . . . committed in furtherance of the offense" such that venue is proper in Grant County. I.C. § 35-32-2-1(d).

[13] On appeal, Cowan urges us to apply caselaw indicating that "the crime of child solicitation is completed at the time of the utterance," *Neff*, 915 N.E.2d at 1034 (quoting *LaRose*, 820 N.E.2d at 732), arguing that the element of travel is simply a sentencing enhancement. We must be mindful, however, that courts do not define criminal offenses; the legislature does. *E.g.*, *State v. Katz*, 179 N.E.3d 431, 451 (Ind. 2022). In this instance, our legislature defined two criminal offenses in Indiana Code section 35-42-4-6(b), Level 5 felony child solicitation and Level 4 felony child solicitation. And our legislature decided that "travel[ing] to meet" is an element of the Level 4 felony offense, such that the Level 4 felony crime of child solicitation is completed once the defendant has traveled to meet the child. *See id*; *cf. Neff*, 915 N.E.2d at 1034 (focusing on the commission of all elements in identifying when an offense is completed).

We, therefore, conclude that travel to Grant County was an act in furtherance of the charged offense, which means that venue is proper in Grant County.[3]

[14] For these reasons, we affirm the denial of Cowan's motion challenging venue.

[15] Affirmed.

Tavitas, C.J. and Weissmann, J., concur.

ATTORNEYS FOR APPELLANT

Michael C. Cunningham
Kelly N. Pyle
Baldwin Perry & Wiley, P.C.
Franklin, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Megan M. Smith
Assistant Section Chief
Indianapolis, Indiana

---

[3] Because our analysis is based upon the clear and unambiguous statutory language, we decline Cowan's invitation to apply law in other contexts (e.g., double jeopardy caselaw or determination of a lesser included offense) in determining whether Cowan's alleged travel to Grant County was in furtherance of the offense of Level 4 felony child solicitation.