Roger ZICKEFOOSE, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 978S195.

Supreme Court of Indiana.

April 27, 1979.

⟨key⟩552(1)

Christopher C. Zoeller, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Kathleen G. Lucas, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Roger Zickefoose, was convicted by a jury of attempted murder, Ind.Code § 35–41–5–1 (Burns Supp.1978). He was sentenced to forty years and now raises several arguments all related to the issue of the sufficiency of the evidence to support the conviction.

The facts from the record most favorable to the state show that the victim, Lorena Sue Sargent, was beaten, stabbed, and knocked unconscious on the night of November 3, 1977. Early that evening, she was standing outside a White Castle restaurant in Indianapolis when defendant stopped and asked her if she needed any help. She said no, but she finally accepted a ride with him.

She testified that they went to an apartment where several people were present and that she voluntarily had sexual intercourse with the defendant so that he would give her a ride home. Instead of taking her home, however, defendant and one of his friends, Michael Williamson, drove the victim to a golf course. Defendant and the victim left the car, and the victim testified that defendant began beating her about the head. Then he started choking her and she fell down unconscious. When she came to, the next morning there was blood all over the grass and she realized she had been stabbed. She was taken to the hospital where she had stitches in her eye, head and hand, and surgery on her hand.

The defendant's friend, Williamson, testified that when the defendant came back to the car alone he said, "I think she's dead." The defendant wanted to go to a filling station to wash off his hands because they were covered with blood. The next day, the defendant told his friend that they should "get out of town." Both the investigating police officer and an employee of the golf course testified that when they found the victim she appeared to be severely beaten about the face and head and had been stabbed several times.

The defendant first contends that there are so many inconsistent statements in the testimony of both the victim and Williamson that the entire story is inherently unbelievable. However, the inconsistencies defendant points to concern such minor points as the color of the car, the number of people at the apartment, the location of the golf course, and the length of the victim's hospital stay. There were no inconsistencies as to the elements of the crime or the nature of the victim's injuries. It is well settled that the credibility and weight given to testimony are the exclusive province of the jury. *Taylor v. State,* (1972) 257 Ind. 664, 278 N.E.2d 273. The resolution of a.

conflict in the evidence is for the jury and is not a proper consideration for this Court. In the instant case, there was sufficient corroboration on the elements of the crime and the nature of the victim's injuries to support the verdict of the jury.

 The defendant next contends that there was not sufficient evidence to prove that he knowingly and intentionally attempted to kill another human being. It is clear that the same specific intent to kill must be shown for an attempted murder as for the crime of murder. We have consistently held that in reviewing the sufficiency of the evidence we do not weigh the evidence or judge credibility. We consider only that evidence most favorable to the state, together with all reasonable and logical inferences to be drawn therefrom. When there is substantial evidence of probative value supporting the jury's verdict, the conviction will not be set aside. *Poindexter v. State*, (1978) Ind., 374 N.E.2d 509; *Grigsby v. State*, (1978) Ind., 371 N.E.2d 384; *Henderson v. State*, (1976) 264 Ind. 334, 343 N.E.2d 776. The triers of fact may draw reasonable inferences from facts established either by direct or circumstantial evidence, and a guilty verdict may be based upon circumstantial evidence. *Medsker v. State*, (1968) 249 Ind. 369, 232 N.E.2d 869.

 In this case, there were several factors which support the verdict. Two witnesses other than the victim testified to the severe nature of the victim's injuries and stab wounds. There was evidence that the defendant beat the victim severely about the head and face and then stabbed her with a knife after she had fallen down unconscious. The necessary intent to commit murder may be inferred from the intentional use of a deadly weapon in a manner likely to cause death. *Jackson v. State*, (1978) Ind., 371 N.E.2d 698. The act of stabbing the victim after she had already fallen down as well as the remarks defendant made to his friend when he returned to the car clearly support the inference that there was a specific intent to kill the victim. In this case, there are direct evidence and reasonable inferences therefrom establishing the necessary specific intent.

The defendant next contends that the verdict is contrary to law because there was not enough evidence to find him guilty under the new general attempt statute. He argues that since nothing interrupted him to prevent him from actually committing murder, and since his attack did not actually cause the victim's death, the evidence would only support a charge of battery and not attempted murder. However, a careful examination of the general attempt statute reveals that there is no merit in the above argument.

The general attempt statute, Ind.Code § 35–41–5–1 (Burns Supp.1978), reads:

"(a) A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted. However, an attempt to commit murder is a class A felony.

"(b) It is no defense that, because of a misapprehension of the circumstances, it would have been impossible for the accused person to commit the crime attempted."

This statute provides for the first time in Indiana a general attempt crime. The statute is drawn substantially from section 5.01 of the American Law Institute's Model Penal Code (Proposed Official Draft 1962) and covers an area that had been treated only sparsely by prior Indiana case law.

 While it is well settled that mere preparation is not sufficient to constitute an attempt to commit a crime, it is becoming increasingly common for legislative enactment to provide a penalty for conduct which goes beyond mere preparation. A statute of this type makes possible some preventive action by police and courts to stop the criminal effort at an earlier stage, thereby minimizing the risk of substantive harm without providing immunity for the offender. 22 C.J.S. Criminal Law § 75(1) *et*

*seq.*; Perkins, Criminal Law 561–66 (2d ed. 1969); American Law Institute's Model Penal Code (comment at pp. 39–48, Tent.Draft 10, 1960). Although there are somewhat varying definitions of what conduct actually constitutes an attempt, there is fundamental agreement on the two necessary elements of the crime. First, the defendant must have been acting with a specific intent to commit the crime, and second, he must have engaged in an overt act which constitutes a substantial step toward the commission of the crime. *United States v. Mandujano,* (5th Cir. 1974) 499 F.2d 370; *Braham v. State,* (1977) Alaska, 571 P.2d 631; *State v. Lenahan,* (1970) 12 Ariz.App. 446, 471 P.2d 748; *People v. Koshiol,* (1970) 45 Ill.2d 573, 262 N.E.2d 446, *cert. den.* 401 U.S. 978, 91 S.Ct. 1209, 28 L.Ed.2d 329; *State v. Dahlstrom,* (1967) 276 Minn. 301, 150 N.W.2d 53; *Gervin v. State,* (1963) 212 Tenn. 653, 371 S.W.2d 449. *See also* Annot. 54 A.L.R.3d 612 (1973) and cases cited therein.

■ Our statute clearly sets out the two elements necessary for an attempt to commit a crime as (1) acting with the required culpability, and (2) engaging in conduct that constitutes a substantial step toward commission of the crime. The emphasis in this statute is on what the defendant has already done toward committing the crime and not on what remains to be done. What constitutes a substantial step must be determined from all the circumstances of each case, and the conduct must be strongly corroborative of the firmness of the defendant's criminal intent. *United States v. Mandujano, supra.*

■ It is clear that section (b) of our statute rejects the defense of impossibility. It is not necessary that there be a present ability to complete the crime, nor is it necessary that the crime be factually possible. When the defendant has done all that he believes necessary to cause the particular result, regardless of what is actually possible under existing circumstances, he has committed an attempt. The liability of the defendant turns on his purpose as manifested through his conduct. If the defendant's

conduct, in light of all the relevant facts involved, constitutes a substantial step toward the commission of the crime and is done with the necessary specific intent, then the defendant has committed an attempt.

■ Previous Indiana cases have sometimes narrowly interpreted an attempt as conduct " 'which will apparently result in the crime, unless interrupted by circumstances independent of the doer's will.' " *Jarman v. State,* (1977) Ind., 368 N.E.2d 1348; *Williams v. State,* (1973) 261 Ind. 385, 304 N.E.2d 311; *Herriman v. State,* (1963) 243 Ind. 528, 188 N.E.2d 272. However, the new statute shows that this interpretation focusing on the result of the conduct is no longer applicable and that the law now focuses on the substantial step that the defendant has completed, not on what was left undone.

In the instant case, the record discloses that the defendant had committed a substantial step toward the commission of the crime of murder with the necessary specific intent. There was no abandonment, since the jury could infer from the evidence that the defendant believed the crime had actually been completed before he left the victim. The brutal nature of the attack, the use of a deadly weapon, and the continuation of the attack after the victim had fallen down unconscious were ample facts to support the verdict of the jury.

■ The defendant next contends that the penalty of forty years for attempted murder is too extreme when contrasted with the former two to fourteen year penalty for assault and battery with intent to kill under the old statute. There is no merit to this contention since the new general attempt statute specifically states that the attempt to commit murder is a class A felony, and a class A felony can draw a sentence as long as fifty years. Ind.Code § 35–50–2–4 (Burns Supp.1978).

■ The defendant finally argues that he could not have formed the specific intent necessary since there was evidence that he had been drinking on the night of

the incident. This issue has been waived because it was not specifically set out in his Motion to Correct Errors as required by Trial Rule 59(G). *Brandon v. State*, (1978) Ind., 374 N.E.2d 504; *Spivey v. State*, (1971) 257 Ind. 257, 274 N.E.2d 227. Furthermore, the record does not disclose any evidence which would show that the defendant was so intoxicated on the night of the crime as to be incapable of entertaining the required specific intent. *Greider v. State*, (1979) Ind., 385 N.E.2d 424.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.