Clarence E. **RANDOLPH**, Appellant (Defendant Below),

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49S00–8612–CR–1054.

Supreme Court of Indiana.

Dec. 15, 1987.

Brent Westerfeld, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Following a bench trial, defendant Clarence E. Randolph was convicted of attempted murder and was determined to be a habitual offender. In this direct appeal, he contends that the evidence is insufficient to prove he had the requisite specific intent for attempted murder and that the evidence is insufficient to support the habitual offender determination.

■ In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

An essential element of the crime of attempted murder is the specific intent to kill. *Zickefoose v. State* (1979), 270 Ind. 618, 388 N.E.2d 507. Specific intent to kill may be inferred from the use of a deadly weapon in a manner likely to cause death or great bodily harm. *Rhinehardt v. State* (1985), Ind., 477 N.E.2d 89; *Johnson v. State* (1983), Ind., 455 N.E.2d 932.

■ The evidence most favorable to the judgment reveals that defendant threatened to kill and burn the victim; poured gasoline over her, striking a match and setting her robe on fire; and used a machete to severely slash and cut her about her arms and head. This evidence that defendant used the deadly weapons in a manner reasonably calculated to cause death was sufficient to prove specific intent for attempted murder.

Defendant also contends the State failed to prove that he was the same person as the defendant in a prior conviction. The State, through properly certified documents proved one Clarence Randolph was charged, found guilty, convicted, sentenced and committed for forgery/theft in Cause No. CR79–184A, Marion Superior Court, Criminal Division One, and was given a four-year sentence. On the issue of identity, State's Exhibit 15 contains four pages including the front page, or certification page, for the records of Clarence Randolph, Jr., DOC No. 51964/24664, reflecting certification of attached documents of a Commitment Order in Cause No. CR79–184A, Fingerprints, dated 10/5/82, and Photograph, dated 7/15/82. The documents actually attached did not include the Commitment Order but instead included an uncerti-

fied copy of an Order in Cause No. CR79–184A for Clarence Randolph granting additional credit time served.

■ Defendant contends that the omission of the Commitment Order was fatal to the State's case, and that the uncertified document does not give rise to an inference beyond a reasonable doubt that this defendant and the defendant in CR79–184A is one and the same person. Therefore, he contends that there is insufficient evidence linking him to the prior conviction to support the habitual determination.

The evidence on identity included the four page certification from the Department of Corrections for Clarence Randolph, DOC No. 24664. The certification page refers to the Commitment Order for CR79–184A linking the cause number with the fingerprint page and the photograph page as well as the uncertified order page. The fingerprint card shows defendant, DOC No. 24664 with a conviction of forgery receiving a four-year sentence. The photograph page contains a picture of defendant with DOC No. 24664. A fingerprint expert testified that the fingerprints taken from the defendant in this case matched the fingerprints on the card in Exhibit 15, and that the two individuals were one and the same. Exhibits 8 and 9 show that Clarence Randolph was convicted of forgery in CR79–184A and received a four-year sentence. We also note that defendant did not object at trial to the uncertified document reflecting an Order for Credit Time for defendant Clarence Randolph in CR79–184A as part of Exhibit 15.

Identity may be proved by circumstantial evidence. *Coker v. State* (1983), Ind., 455 N.E.2d 319. If the evidence yields logical and reasonable inferences from which the finder of fact may determine beyond a reasonable doubt that it was defendant who was convicted of the prior felony, then a sufficient connection has been shown. *Pointer v. State* (1986), Ind., 499 N.E.2d 1087. The evidence here is sufficient to establish the identity of Clarence Randolph in CR79–184A as the defendant in this

case. The habitual determination is supported by sufficient evidence.

Judgment affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.