**Darrell Wayne FOSTER, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 45S00–8807–CR–661.

Supreme Court of Indiana.

May 31, 1989.

Marce Gonzalez, Jr., Hilbrich, Cunningham & Schwerd, Highland, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Attempted Murder, a Class A felony, for which he was sentenced for a period of twenty (20) years.

Appellant and the victim, Carlos Godines, lived in separate apartments within the same house. Both men worked at the same company and were friends. On June 21, 1987, appellant and his stepson, Clyde Wright, were in the street in front of their home arguing over possession of a Ford Pinto automobile, which appellant had sold to his stepson. However, the stepson had not fully paid for the car. Appellant also had loaned his stepson $50 which was part of the argument.

During the argument, appellant was loading his boat and other objects in his pickup truck and was using a length of rope to secure the load. He was using his pocket knife to cut the rope. About that time, Godines came out of the house and attempted to calm him down and, among other things, told appellant that he would take care of the money which the stepson owed appellant. Godines' intervention angered appellant, and he shouted at Godines that no one was going to tell him what to do. When Godines attempted to put his arm on appellant's shoulder, appellant struck him in the stomach with the pocket knife. The wound was serious enough that it caused Godines to pass out and require hospitalization.

Appellant claims the evidence is insufficient to support his conviction for attempted murder. He claims there is no evidence which would prove beyond a reasonable doubt that he intended to kill Godines. Intent may be inferred from the deliberate use of a deadly weapon in a manner likely to cause injury or death. *Randolph v. State* (1987), Ind., 516 N.E.2d 24. Appellant concedes this.

However, he argues that he had the open knife in his left hand while he was loading his truck and that Godines was accidentally cut when he came up and put his arm on appellant. Appellant points out that he is right-handed and if he had in-

tended to stab Godines, the knife would have been in his right hand. However, the nature of the altercation and the severity of Godines' wound were placed before the jury for their consideration. The severity of Godines' wound was a factor which the jury could consider in evaluating appellant's theory that the wound was accidentally inflicted. This Court will not invade the province of the jury and attempt to reweigh the evidence. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670. We find there is sufficient evidence in this record to support the verdict of the jury.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.