Brian C. EDINGTON, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 50S03–0310–PC–00462.

Supreme Court of Indiana.

April 20, 2004.

Brian C. Edington, Pro se, Michigan City, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

ON PETITION TO TRANSFER FROM THE INDIANA COURT OF APPEALS, NO. 50A03–0212–PC–00448.

SHEPARD, Chief Justice.

In 1997, Brian C. Edington was convicted of attempted murder as an accomplice, a class A felony.[1] On direct appeal, Edington contended that insufficient evidence supported the conviction, that the trial court wrongly admitted identification testimony, and that the sentence was erroneous. The Court of Appeals affirmed his conviction. *Edington v. State*, No. 50A05–9706–CR–217, 699 N.E.2d 335 (Ind.Ct.App. July 13, 1998).

In 2002, Edington sought post-conviction relief, contending that giving the jury instruction on attempted murder as an ac-

complice constituted fundamental error because it lacked the element of specific intent to kill. He contended that this claim about the culpability required to convict an accomplice of attempted murder was not available to him because we had yet to decide *Bethel v. State*, 730 N.E.2d 1242 (Ind.2000). Of course, in *Williams v. State* we explained:

*Bethel* did not announce a new rule of criminal procedure but rather explained what the State was already required to prove to gain a conviction for attempted murder under a complicity theory or otherwise: '[T]he same specific intent to kill must be shown for an attempted murder as for the crime of murder.'

737 N.E.2d 734, 740–41 n. 16 (Ind.2000) (quoting *Zickefoose v. State*, 270 Ind. 618, 620, 388 N.E.2d 507, 509 (1979) (alteration in original)).[2]

The post-conviction court denied Edington's petition. The Court of Appeals reversed, concluding that giving the improper jury instruction was fundamental error. *Edington v. State*, 792 N.E.2d 579 (Ind.Ct. App.2003).

We granted transfer, vacating the Court of Appeals opinion, and now affirm the post-conviction court. As we have regularly observed:

[T]he fundamental error exception to the contemporaneous objection rule applies to direct appeals. In post-conviction proceedings, complaints that something went awry at trial are generally cognizable only when they show deprivation of the right to effective counsel or issues demonstrably unavailable at the time of trial or direct appeal.

1. *See* Ind.Code 35–41–2–4; Ind.Code 35–41–5–1; Ind.Code 35–42–1–1.

2. In *Williams*, the prisoner had raised the question on direct appeal and we were willing

to lift the bar of res judicata. *Williams*, 737 N.E.2d at 738. Edington did not raise his current claim on direct appeal.

*Sanders v. State,* 765 N.E.2d 591, 592 (Ind. 2002); *Canaan v. State,* 683 N.E.2d 227, 235 n. 6 (Ind.1997). It was wrong to grant relief on Edington's fundamental error claim.

We thus affirm the post-conviction court's denial of relief.

DICKSON, BOEHM, and RUCKER, JJ., concur.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Justice, concurring.

I concur in all respects. As the author of *Williams,* I feel obligated to acknowledge that language in that opinion [1] seems inconsistent with other language from *Williams* quoted in today's opinion. To the extent they do conflict, I agree that the interpretation given *Williams* by today's opinion is what the author of *Williams* intended.

---

1. "[In *Bethel*,] we explained for the first time how *Spradlin* [*v. State,* 569 N.E.2d 948 (Ind. 1991)] applies to persons 'convicted for the offense of aiding an attempted murder.'" *Williams v. State,* 737 N.E.2d 734, 738 (Ind. 2000) (quoting *Bethel v. State,* 730 N.E.2d 1242, 1246 (Ind.2000)).