Attorneys for Appellant Attorneys for Appellee
Brian C. Edington Steve Carter
Pro se Attorney General of Indiana
Michigan City, Indiana
 Justin F. Roebel
 Deputy Attorney General
 Indianapolis, Indiana

 In the
 Indiana Supreme Court
 _________________________________

 No. 50S03-0310-PC-00462

Brian C. Edington
 Appellant (Defendant below),

 v.

State of Indiana
 Appellee (Plaintiff below).
 _________________________________

 Appeal from the Marshall Superior Court, No. 49G02-9407-CF-087433
 The Honorable Robert O. Bowen, Judge
 _________________________________

 On Petition To Transfer from the Indiana Court of Appeals, No. 50A03-0212-
 PC-00448
 _________________________________

 April 20, 2004

Shepard, Chief Justice.

 In 1997, Brian C. Edington was convicted of attempted murder as an
accomplice, a class A felony.[1] On direct appeal, Edington contended that
insufficient evidence supported the conviction, that the trial court
wrongly admitted identification testimony, and that the sentence was
erroneous. The Court of Appeals affirmed his conviction. Edington v.
State, No. 50A05-9706-CR-217 (Ind. Ct. App. July 13, 1998).

 In 2002, Edington sought post-conviction relief, contending that
giving the jury instruction on attempted murder as an accomplice
constituted fundamental error because it lacked the element of specific
intent to kill. He contended that this claim about the culpability
required to convict an accomplice of attempted murder was not available to
him because we had yet to decide Bethel v. State, 730 N.E.2d 1242 (Ind.
2000). Of course, in Williams v. State we explained:
 Bethel did not announce a new rule of criminal procedure but rather
 explained what the State was already required to prove to gain a
 conviction for attempted murder under a complicity theory or
 otherwise: ‘[T]he same specific intent to kill must be shown for an
 attempted murder as for the crime of murder.’

737 N.E.2d 734, 740-41 n.16 (Ind. 2000) (quoting Zickefoose v. State, 270
Ind. 618, 620, 388 N.E.2d 507, 509 (1979) (alteration in original)).[2]

 The post-conviction court denied Edington’s petition. The Court of
Appeals reversed, concluding that giving the improper jury instruction was
fundamental error. Edington v. State, 792 N.E.2d 579 (Ind. Ct. App. 2003).

 We granted transfer, vacating the Court of Appeals opinion, and now
affirm the post-conviction court. As we have regularly observed:
 [T]he fundamental error exception to the contemporaneous
 objection rule applies to direct appeals. In post-conviction
 proceedings, complaints that something went awry at trial are
 generally cognizable only when they show deprivation of the
 right to effective counsel or issues demonstrably unavailable at
 the time of trial or direct appeal.

Sanders v. State, 765 N.E.2d 591, 592 (Ind. 2002); Canaan v. State, 683
N.E.2d 227, 235 n.6 (Ind. 1997). It was wrong to grant relief on
Edington’s fundamental error claim.

 We thus affirm the post-conviction court’s denial of relief.

Dickson, Boehm, and Rucker, JJ., concur.
Sullivan, J., concurs with separate opinion.
Sullivan, Justice, concurring.

 I concur in all respects. As the author of Williams, I feel
obligated to acknowledge that language in that opinion1 seems inconsistent
with other language from Williams quoted in today’s opinion. To the extent
they do conflict, I agree that the interpretation given Williams by today’s
opinion is what the author of Williams intended.

-----------------------
[1] See Ind. Code 35-41-2-4; Ind. Code 35-41-5-1; Ind. Code 35-42-1-1.

[2] In Williams, the prisoner had raised the question on direct appeal and
we were willing to lift the bar of res judicata. Williams, 737 N.E.2d at
738. Edington did not raise his current claim on direct appeal.
1 “[In Bethel,] we explained for the first time how Spradlin applies to
persons ‘convicted for the offense of aiding an attempted murder.’”
Williams v. State, 737 N.E.2d 734, 738 (Ind. 2000) (quoting Bethel v.
State, 730 N.E.2d 1242, 1246 (Ind. 2000)).