Roger L. MORRIS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A03–0905–CR–210.

Court of Appeals of Indiana.

Feb. 9, 2010.

Rehearing Denied April 14, 2010.

John S. Nimmo, Fort Wayne, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Gary Damon Secrest, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Roger L. Morris appeals his conviction for class D felony theft and habitual offender finding. We find the dispositive issue to be whether the trial court erred by failing to instruct the jury on conversion as a lesser-included offense of theft. We reverse and remand for retrial.

### Facts and Procedural History

On December 31, 2008, J.C. Penney loss prevention supervisor Kimberly Blair was monitoring activity in various areas of the store by watching several surveillance video screens. On one screen, she saw a black man stuffing numerous clothing items into a large black plastic trash bag. She immediately went to the area to investigate and recognized the man as Morris. Blair had apprehended Morris about fourteen months earlier, when he had stuffed jeans into a trash bag and exited the same J.C. Penney store.[1] In fact, Morris had been a frequent customer at this store since that prior incident, making him familiar to most of the employees.

As Blair watched Morris, she saw him drop the trash bag in the middle of a children's department aisle. The two made eye contact, and Morris turned and walked toward the store exit. Blair and another security officer followed closely and asked Morris to stop. Morris continued walking and exited the store. Outside, Blair and the other officer attempted to persuade Morris to go back into the store. He turned his back on them, and one of them grabbed him. Morris struggled, but they were able to subdue him. They searched his person and found only a toothbrush and small pocket knife.

On January 6, 2009, the State charged Morris with class D felony theft. On February 12, 2009, the State filed an information alleging that Morris was a habitual offender. On March 12, 2009, a jury trial was held. Morris requested a jury instruction describing criminal conversion as a lesser included offense of theft. The trial court denied the request. The jury found Morris guilty of theft and found him to be a habitual offender. He now appeals.

### Discussion and Decision

Morris contends that the trial court erred by denying his request to instruct the jury on criminal conversion as a lesser included offense of theft. In *Wright v. State*, 658 N.E.2d 563 (Ind.1995), our supreme court outlined the analysis that a trial court must perform when it is called upon by a party to instruct a jury on a lesser included offense of the crime charged:

First, a trial court must compare the statute defining the crime charged with the statute defining the alleged lesser included offense. If (a) the alleged lesser included offense may be established

---

1. That arrest had led to Morris being convicted of theft in June 2008, a conviction which supported his habitual offender finding in the instant case.

by proof of the same material elements or less than all the material elements defining the crime charged, or (b) the only feature distinguishing the alleged lesser included offense from the crime charged is that a lesser culpability is required to establish the commission of the lesser offense, then the alleged lesser included offense is inherently included in the crime charged. If an offense is inherently included in the crime charged, ... then [the trial court] must look at the evidence presented in the case by both parties. If there is a serious evidentiary dispute about the element or elements distinguishing the greater from the lesser offense and if, in view of this dispute, a jury could conclude that the lesser offense was committed but not the greater, then it is reversible error for a trial court not to give an instruction, when requested, on the inherently or factually included lesser offense.

*Id.* at 566 (citations omitted).

Indiana appellate courts have consistently held that criminal conversion is an inherently lesser included offense of theft because conversion may be established by proof of less than all the material elements of theft. *See, e.g., Shouse v. State,* 849 N.E.2d 650, 657 (Ind.Ct.App.2006), *trans. denied; M.Q.M. v. State,* 840 N.E.2d 441, 447 (Ind.Ct.App.2006); *see also Wright,* 658 N.E.2d at 569 ("[T]he relationship between Theft and Criminal Conversion is paradigmatically that of a greater to an *inherently* lesser included offense."). Indiana Code Section 35–43–4–2 states in relevant part: "A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony." Pursuant to Indiana Code Section 35–43–4–3, "A person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion, a Class A misdemeanor." Clearly, the only element distinguishing theft from conversion is whether the defendant acted with intent to deprive a person of the value or use of that person's property.

In the past, this Court has discussed the practical difference, if any, between conversion and theft:

> We are unable to envision a situation in which an individual could knowingly exert unauthorized control over property of another without intending, at least implicitly, to deprive the other person of the property's value or use. Thus, while from a strictly legalistic or semantic standpoint there is a difference in the mens rea required for the offenses, from a practical standpoint the offenses appear to be one and the same.

*Irvin v. State,* 501 N.E.2d 1139, 1142 n. 3 (Ind.Ct.App.1986).

Upon Morris's request for an instruction on conversion, the trial court stated in part:

> [I]t seems to me there's a recent case talking about the differentiation between conversion and theft, and in that case, the very wise judges of the Court of Appeals or the supreme Court said that they could see no difference, because even if you exert unauthorized control over the property of someone else, there's always the intent to deprive the person of any part of the value or use of that property, even if it's only for a short period of time; and they pretty much left it up to the discretion of the prosecuting attorney which charge to file. Now how that related to a lesser ... included offense, I don't know; but it seems to me that there—from what I've heard to date, to now, I don't know

that there's any serious evidentiary dispute.

Tr. at 141–42.

In our view, Morris's case is one which illustrates the elusive difference between the crimes of theft and conversion as laid out by our legislature. Here, Morris entered the J.C. Penney store and stuffed clothes into a black plastic garbage bag, thus exerting control over the merchandise. Department and clothing stores generally allow customers to carry merchandise which has not yet been purchased throughout the store as they shop. In fact, customers are expected to move about the store while selecting items to try on in a fitting room or while simply making a decision about whether to make a purchase. Moreover, a customer might place the unpurchased items in a cart or shopping bag provided by the store. These are all examples of exerting authorized control over store property. On the other hand, if someone moves or hides unpurchased items within the confines of a store with no intent or ability to purchase them, then the person exerts unauthorized control over that property. In this case, Morris had no cash, checks, or credit cards on his person and thus no way to purchase any of the clothing in the garbage bag. Clearly, he exerted unauthorized control over those items and does not dispute that fact.

There is, however, an evidentiary dispute as to whether Morris intended to deprive J.C. Penney of the use and value of the clothing for any period of time. The State argued that when Morris realized that he had been spotted by security, he abandoned his plan to take the items out of the store, dropped the bag, and walked out in an attempt to avoid arrest. Defense counsel argued that Morris never intended to take the merchandise; rather, he pointed to evidence that Morris was homeless and destitute and claimed that Morris wanted to be taken to jail, if only for a short time, where he might receive food and shelter on that cold winter night. He noted Morris's seemingly reckless actions, including entering a store where he was recognized by many employees as a frequent visitor and former shoplifter, stuffing merchandise into a large black shopping bag (the same method he had used when stealing clothing from this store one year before), and standing in front of a conspicuous security camera while doing so. Also, at the time of his arrest, Morris had in his possession only a toothbrush and a small pocket knife. In light of this unique set of circumstances, a reasonable jury might find Morris guilty of conversion rather than theft, if given the option. Therefore, the trial court abused its discretion by denying Morris's request for an instruction on conversion as a class A misdemeanor.

██ Even if we were to view theft and conversion as one and the same crime in every circumstance, the law supports the giving of the lesser included offense instruction. First, there is the rule of lenity, which requires that criminal statutes must be strictly construed against the State. *Mask v. State*, 829 N.E.2d 932, 936 (Ind.2005). Despite some courts' suggestions that there is no articulable difference between the elements of conversion and theft, the fact remains that our legislature identified them as two separate crimes with two different penalty ranges. If it is true that there is no practical difference between the elements of conversion and theft, then defendants who commit very similar crimes may receive very different penalties. In our view, the lack of clarity in the statutes calls for application of the lenity rule. Where there is ambiguity, it must be resolved in favor of the accused. *Meredith v. State*, 906 N.E.2d 867 872

(Ind.Ct.App.2009). Thus, the lenity rule would tip this case in Morris's favor on the issue of instructing on the lesser included offense.

Also, we think that if the criminal conversion and theft statutes are indeed one and the same, then they violate the Proportionality Clause, which is contained in Article 1, Section 16 of the Indiana Constitution. Our supreme court has held that a finding of unconstitutionality pursuant to the proportionality clause should be reserved for "penalties so disproportionate to the nature of the offense as to amount to clear constitutional infirmity sufficient to overcome the presumption of constitutionality afforded to legislate decisions about penalties." *State v. Moss–Dwyer*, 686 N.E.2d 109, 112 (Ind.1997) (quotations and citations omitted). On at least one occasion, this court has found a statute unconstitutional on proportionality grounds. In *Poling v. State*, 853 N.E.2d 1270, 1277 (Ind.Ct.App.2006), we determined that the defendant's constitutional rights were violated where he was convicted of neglect of a dependent as a class C felony. Due to the awkward wording of a prior version of Indiana Code Section 35–

46–1–4, the crimes of neglect of a dependent as a class C felony and neglect of a dependent as a class D felony could be proven with identical elements.[2] We concluded that prosecutors in such cases would likely pursue a C felony charge, and consequently a longer sentence, thereby nullifying the D felony charge.[3] In Morris's case, if the crimes of theft as a class D felony and conversion as a class A misdemeanor can be proven with identical elements and yet carry different sentencing ranges, prosecutors would likely pursue the D felony charge to obtain a longer sentence, and in this case, were able to add the habitual offender allegation.

In sum, if criminal conversion as a class A misdemeanor and theft as a class D felony are indeed two different crimes as outlined by our legislature, then the trial court abused its discretion by failing to instruct the jury as to the lesser-included offense of conversion. If the elements of conversion and theft have no practical difference, then the rule of lenity and/or the proportionality clause of the U.S. Constitution would entitle Morris to have the jury instructed on both crimes.

Reversed and remanded for retrial.[4]

**2.** Our legislature has since revised Indiana Code Section 35–46–1–4 to eliminate the constitutional issue raised in *Poling*.

**3.** For guidance in *Poling*, we looked to the Illinois Supreme Court's decision in *People v. Christy*, 139 Ill.2d 172, 151 Ill.Dec. 315, 564 N.E.2d 770 (1990). In *Christy*, the Illinois Supreme Court reviewed the defendant's conviction and sentence for armed violence predicated on kidnapping. The crime carried a sentencing range of six to thirty years. However, defendant noted that the crime of kidnapping had identical elements to the armed violence offense and carried a penalty of four to fifteen years. The State argued that it was within prosecutorial discretion to choose which offense to charge the defendant with, but the court concluded that skilled prosecutors would usually seek the more severe sentence and thus the charge of aggravated kid-

napping would effectively be nullified. "Since the elements which constitute aggravated kidnapping and armed violence are identical, common sense and sound logic would seemingly dictate that their penalties be identical." *Id.* at 774.

**4.** Certainly, there was sufficient evidence from which a jury could conclude that Morris intended to leave the J.C. Penney store with the garbage bag containing unpurchased clothes, thus depriving J.C. Penney of the use and value of the merchandise. *See, e.g., Johnson v. State*, 413 N.E.2d 335, 336 (Ind.Ct.App. 1980) (holding that where store employee discovered defendant exiting fitting room with merchandise in her own tote bag, evidence was sufficient to support inference that defendant had requisite intent to deprive store of merchandise). Therefore, the State is not

RILEY, J., concurs.

VAIDIK, J., concurs in result.

barred by double jeopardy protections from retrying Morris. *Speybroeck v. State,* 875 N.E.2d 813, 822 (Ind.Ct.App.2007).