ATTORNEY FOR APPELLANT
Timothy J. O'Connor
O'Connor & Auersch
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana



# In the
# Indiana Supreme Court

### No. 49S04-0911-CR-507

ANDREW KING,                                          *Appellant (Defendant below),*

v.

STATE OF INDIANA,                                     *Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, No. 49G03-0801-FC-23143
The Honorable Sheila A. Carlisle, Judge
The Honorable Stanley E. Kroh, Master Commissioner

On Transfer from the Indiana Court of Appeals, No. 49A04-0810-CR-609

**March 2, 2010**

**Dickson, Justice.**

Having granted transfer to resolve a conflict among decisions of the Indiana Court of Appeals, we hold that the offense of Attempted Dissemination of Matter Harmful to Minors can be committed when a defendant attempts to transmit proscribed matter by the Internet to an adult police detective posing as a minor.

The defendant was convicted of two counts of Child Solicitation and one count of Attempted Dissemination of Matter Harmful to Minors. His appeal claims: (1) insufficient evi-

dence to convict for Attempted Dissemination of Matter Harmful to Minors because the offending matter was received not by a minor but by an adult police officer; (2) numerous errors in the admission of evidence; and (3) erroneous admission of the defendant's statement to police in violation of the *corpus delicti* rule. The Court of Appeals affirmed his convictions. King v. State, 908 N.E.2d 673 (Ind. Ct. App. 2009). We granted transfer to resolve a decisional conflict regarding the effect of an adult recipient posing as a minor in prosecutions for this attempt crime.[1] As to all other issues raised by the defendant, we summarily affirm pursuant to Indiana Appellate Rule 58(A)(2).

Our analysis requires consideration of both the statute defining the offense of Attempt and that defining the attempted substantive offense. These statutes provide in relevant part as follows:

**35-41-5-1 Attempt**

(a) A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted. . . .

(b) It is no defense that, because of a misapprehension of the circumstances, it would have been impossible for the accused person to commit the crime attempted.

Ind. Code § 35-41-5-1.

**35-49-3-3 Dissemination of matter or conducting performance harmful to minors**

(a) Except as provided in subsection (b), a person who knowingly or intentionally:
   (1) disseminates matter to minors that is harmful to minors;
  . . .
commits a Class D felony.

---

[1] The Court of Appeals's decision in this case is inconsistent with its decisions in Gibbs v. State, 898 N.E.2d 1240 (Ind. Ct. App. 2008), *trans. denied*, and Aplin v. State, 889 N.E.2d 882 (Ind. Ct. App. 2008), *trans. denied*. In Gibbs, the defendant appealed his convictions for Child Solicitation, Attempted Dissemination of Matter Harmful to Minors, and Attempted Sexual Misconduct with a Minor. Relying upon Aplin, a divided panel of the Court of Appeals looked at the statutory language defining the crimes of Sexual Misconduct with a Minor and Dissemination of Matter Harmful to Minors and determined that where there is no opportunity to commit the crimes because the supposed minor is in fact an adult, there can be no attempt of those crimes.

(b) This section does not apply if a person disseminates, displays, or makes available the matter described in subsection (a) through the Internet, computer electronic transfer, or a computer network unless:
    (1) the matter is obscene under IC 35-49-2-1;
    (2) the matter is child pornography under IC 35-42-4-4; or
    (3) the person distributes the matter to a child less than eighteen (18) years of age believing or intending that the recipient is a child less than eighteen (18) years of age.

Ind. Code § 35-49-3-3.

Predicating his contentions on the fact that the completed offense of Dissemination unambiguously requires that the proscribed Internet matter be distributed to a child less than eighteen years of age, the defendant makes two principal arguments. First, he emphasizes the language of the Attempt statute that requires both that the defendant act with the culpability required "for commission of the crime" and that the defendant engage in conduct that constitutes a substantial step "toward commission of the crime." Appellant's Pet. to Trans. at 6. From this he argues that "[b]ecause it is not a crime to send [such matter] over the internet to a person who is over 18, . . ., it is not a crime to attempt to engage in that activity." *Id.* Second, the defendant argues that subsection (b)(3) of the Dissemination statute operates to exempt the statute from the general Attempt statute and indicates the legislature's intent not to criminalize the Internet transmission of matter harmful to minors unless the recipient is actually a minor. Comparing the language in the Child Solicitation statute with the language in the Dissemination of Matter Harmful to Minors statute, the defendant further argues that, by failing to include the language "*or an individual the person believes to be a child*" or simply the word "or" before "believing or intending that the recipient is a child less than eighteen," the legislature intended to preclude the possibility of an *attempt* to disseminate matter to minors that is harmful to minors, when the recipient is not *in fact* a minor. *Compare* Ind. Code § 35-42-4-6 *with* § 35-49-3-3.

Shortly after enactment of the Attempt statute, this Court made clear that the new statute rejected prior views that limited attempt crimes to "conduct which will apparently result in the crime, unless interrupted by circumstances independent of the doer's will." Zickefoose v. State, 270 Ind. 618, 623, 388 N.E.2d 507, 510 (1979) (internal citations omitted). Rather, we held that the "new" general attempt statute "now focuses on the substantial step that the defendant has completed, not on what was left undone." *Id.* Rejected as well were prior views that impossi-

bility was a defense. "It is not necessary that there be a present ability to complete the crime, nor [is it] necessary that the crime be factually possible." *Id.*

In the present case, the defendant does not dispute that, acting with the culpability required for the commission of the crime of Dissemination of Matter Harmful to Minors, he took the substantial step of transmitting by the Internet such proscribed matter to a person he believed was a fifteen-year-old girl. This substantial step, done with the culpability required for commission of the Dissemination offense, constitutes the charged offense of Attempted Dissemination of Matter Harmful to Minors. It matters not that his intended recipient was an adult; the Attempt statute makes clear that such "a misapprehension of the circumstances" is no defense. Ind. Code § 35-41-5-1(b); *see also* Zickefoose, 270 Ind. at 623, 388 N.E.2d at 510.

We agree that the unambiguous language of the Dissemination statute clearly requires that, for the commission of the completed offense, the harmful matter must in fact be distributed to a child less than eighteen years of age. We do not agree, however, that this manifests a legislative intent to foreclose application of the general Attempt statute to prosecute unsuccessful attempts to commit such Dissemination. We believe that the addition of subsection (b)(3) to § 35-49-3-3 in 2002, requiring the recipient to be a child less than eighteen years of age, was a legislative response seeking to comply with recent First Amendment jurisprudence of the United States Supreme Court,[2] and as such sought to protect free speech rights of adults while criminalizing the dissemination of matter to minors that is harmful to minors.

The essence of an attempt is that one or more elements of an offense are not fully satisfied, but a defendant still has taken a substantial step toward the offense while acting with the requisite intent of that offense. If each of the elements of an offense are fully satisfied, the charged offense will be the offense, not an attempt of that offense. Here, the defendant dissemi-

_____

[2] *See, e.g.,* Reno v. ACLU, 521 U.S. 844, 117 S. Ct. 2329, 138 L. Ed. 2d 874 (1997). There, the United States Supreme Court evaluated the constitutionality of the Communications Decency Act of 1996. The act criminalized the transmission or display of patently offensive or indecent materials to minors. The Court determined that the language used in the act was vague and overbroad because it did not adequately define terminology, and it criminalized protected adult speech. The Court recognized a right held by adults to receive speech that is harmful to minors, but it also recognized the lack of protection for obscene materials and child pornography. *Id.* at 874–79, 883, 117 S. Ct. at 2346–48, 2350, 138 L. Ed. 2d at 899–902, 904.

nated matter harmful to minors to a person he believed or intended to be a child less than eighteen years of age.  The only element not met for the offense of disseminating matter harmful to minors is that the recipient was not in fact a child less than eighteen years of age.  Because the recipient was not a minor, the defendant was charged with *Attempted* Dissemination of Matter Harmful to Minors, rather than Dissemination of Matter Harmful to Minors.

To the extent that Gibbs and Aplin may be read to prohibit convictions for Attempted Dissemination of Matter Harmful to Minors where the supposed minor is in fact an adult, these opinions are disapproved and overruled.

### Conclusion

We hold that the general Attempt statute applies to the offense of Dissemination of Matter Harmful to Minors and that the crime of Attempted Dissemination of Matter Harmful to Minors is not precluded when the intended minor recipient is actually an adult.  The judgment of the trial court is affirmed.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.