**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

FILED
Apr 19 2012, 9:15 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BERRY MOSS, | ) | |
| | ) | |
| Appellant- Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1107-CR-360 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee- Plaintiff, | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Shatrese Flowers, Commissioner
Cause No. 49F19-1102-CM-9551

April 19, 2012

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

<u>Case Summary and Issue</u>

Following a bench trial, Berry Moss appeals his conviction of criminal conversion, a Class A misdemeanor. Moss presents one issue on appeal: whether sufficient evidence was presented to sustain his conviction for conversion. Concluding the evidence is sufficient, we affirm.

<u>Facts and Procedural History</u>

On February 11, 2011, Moss entered a Marsh Supermarket in Indianapolis and began picking out various items without the assistance of a shopping cart. Moss began by picking out a potato, which he placed inside the sleeve of his jacket. Moss then proceeded to the deli section and picked out a package of steaks, which he placed inside the waistband of his jacket. Lastly, Moss made his way to the health and beauty aids section of the store and picked out a toothbrush and put it in his front pants pocket.

During the course of Moss's shopping, loss prevention officers Evan Strater and Andrew Mattern were observing Moss via the store's live-feed on closed-circuit television. Both Strater and Mattern watched Moss proceed past all points of checkout without paying for the items he had selected and enter the vestibule near the main entrance where shopping carts and seasonal merchandise are kept. Upon entering the vestibule, Moss was apprehended by Strater and Mattern who identified themselves as loss prevention officers. Strater and Mattern found Moss to be in possession of the merchandise he had picked out but had not yet paid for.

Moss was charged with criminal conversion, a Class A misdemeanor, and was found guilty following a bench trial on June 30, 2011. He was sentenced to 365 days in

jail with 363 days suspended and 180 days on probation. Moss now appeals his conviction of criminal conversion.

## Discussion and Decision

### I. Standard of Review

In challenging the sufficiency of the evidence to support a conviction, "we neither reweigh the evidence nor judge witness credibility." Caruthers v. State, 926 N.E.2d 1016, 1022 (Ind. 2010) (quoting Jones v. State, 783 N.E.2d 1132 (Ind. 2003)). We affirm the judgment if there is "substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." Id. at 1022.

### II. Evidence of Conversion

The statute defining criminal conversion states: "A person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion, a Class A misdemeanor." Ind. Code §35-43-4-3(a).

Moss contends there was insufficient evidence to prove beyond a reasonable doubt that he intentionally or knowingly exercised unauthorized control over the items because mere possession of the items on his person is insufficient absent the intent to prevent discovery or the inability to pay for the items. Indiana Code section 35-43-4-4, for purposes of determining evidence of unauthorized control of property, states:

> (c) Evidence that a person:
> (1) concealed property displayed or offered for sale or hire; and
> (2) removed the property from any place within the business premises at which it is displayed or offered to a point   beyond   that at which payment should be made;

constitutes prima facie evidence of intent to deprive the owner of the property of a part of its value and that the person exerted unauthorized control over the property.

Ind. Code §35-43-4-4(c).

The Indiana legislature was very clear in enacting this statute as to what constitutes unauthorized control of property. In interpreting the requisite mens rea necessary for a charge of criminal conversion, "intentionally" and "knowingly" are defined as follows:

(a) A person engages in conduct "intentionally" if, when he engages in the conduct, it is his conscious objective to do so.
(b) A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so.

Ind. Code §35-41-2-2.

Moss argues that simply hiding un-purchased items on his person is inadequate to be knowing or intentional exertion of unauthorized control. We agree with Moss's argument that mere concealment of the un-purchased items alone is insufficient to show unauthorized control as defined by statute. However, Moss passed all points of checkout without paying for the concealed items. Moss's concealment of the un-purchased items in combination with his removal of the items to the vestibule, a "point beyond that at which payment should be made," Ind. Code §35-43-4-4(c)(2), establishes that he was either aware he was exercising unauthorized control over the property or it was his conscious objective to do so.

It was reasonable for the trial court to determine, considering the surrounding circumstances, that there was no other explanation for Moss's concealment of the property except to "exert unauthorized control." Even assuming that Moss was passing

all points of checkout in order to retrieve a shopping cart for the items and to return to the store, it is unreasonable to assume that a reasonable person would conceal the items in his clothing if he had the intention of paying for them later. Moss further argues that as more and more Hoosiers "go green" each year, many people bring their own reusable shopping bags to the store and it would be unreasonable to say that items placed in these bags brought from home would be an exercise of unauthorized control. Appellant's Br. at 7. Although it is becoming a common trend for stores to allow shoppers to use their own shopping bags, placing items in one's shirt sleeve, jacket waistband, and pants pocket is not one and the same with this common practice of "going green."

Moss also refers us to the case of Morris v. State, 921 N.E.2d 40 (Ind. Ct. App. 2010), trans. denied, in support of his argument that absent the inability to pay for the items, simply concealing the items without first paying for them does not establish that he intended to prevent discovery. The defendant in Morris had stuffed store merchandise into a black plastic trash bag, but then dropped the bag and walked toward the store exit when he realized he was being watched by store security. He was charged with theft and the trial court denied his request for a jury instruction describing conversion as a lesser-included offense. Although Morris did say that moving un-purchased items within the confines of a store with no intent or ability to purchase them constitutes unauthorized control over property, id. at 43, it did so in the context of trying to "illustrate[ ] the elusive difference between the crimes of theft and conversion" rather than as a statement on what is required to prove conversion. The evidence before us does not establish whether Moss did in fact have the ability to pay for the concealed items, but even if he did, it is irrelevant. Moss's concealment of the items in a manner not authorized by

Marsh, along with his actions in passing all points of checkout without attempting to pay for the items, is sufficient evidence of his unauthorized control over the property.

Conclusion

The State presented sufficient evidence that Moss committed the crime of conversion.  His conviction is therefore affirmed.

Affirmed.

NAJAM, J., and VAIDIK, J., concur.