BARNES, Judge,
concurring in part and dissenting in part.
I fully concur with the majority’s resolution of Issues I and II. I must respectfully dissent, however, from the majority’s resolution of Issue III. I cannot agree that Pavlovich completed the act of child solicitation under the facts and circumstances here.
In considering whether Pavlovich was properly convicted of child solicitation, I am mindful of the rule of lenity, which requires that criminal statutes be strictly construed against the State. Morris v. State, 921 N.E.2d 40, 48 (Ind.Ct.App.2010), trans. denied. If there is ambiguity in a criminal statute, it must be resolved in favor of the accused. Id. Criminal statutes should be construed to prohibit only that conduct clearly falling within the spirit and letter of the statutory language, while not being narrowed to the point that they exclude cases that the language fairly covers. Starr v. State, 928 N.E.2d 876, 878 (Ind.Ct.App.2010), trans. denied.
I acknowledge that cases have said, “the crime of child solicitation is completed at the time of the utterance.” LaRose v. State, 820 N.E.2d 727, 732 (Ind.Ct.App.2005), trans. denied. I also agree that the child solicitation statute serves two State interests: protecting actual children from the inherent evil of being urged by an adult to have sex, regardless of whether the sex act is consummated, and also “to interdict child predators before they are able to solicit an actual child.... ” Id. at 730-31. I might also be persuaded that child solicitation can be consummated through the use of a third-party intermediary.
Regardless, the statute on its face requires that, in order for the act of child solicitation to occur, an adult must “knowingly or intentionally solicit[ ] a child under fourteen (14) years of age, or an individual the person believes to be a child under fourteen (14) years of age_” I.C. § 35-42-4-6(b). Here, Pavlovich never commanded, authorized, urged, incited, requested, or advised P.Y. to do anything; rather, he essentially urged S.Y. to urge P.Y. to engage in oral sex with each other, but S.Y. did not do so. No illicit communications ever reached a child under fourteen years old or a person pretending to be a child. Although the State does have an interest in interdicting child predators before they can solicit an actual child, to allow a conviction for completing the act of child solicitation where no actual communication has ever occurred with a child or with someone posing as a child goes be *984 yond the plain language of the statute in my opinion. Any ambiguity about whether the child solicitation statute should apply to these facts must be resolved in favor of Pavlovich. See Morris, 921 N.E.2d at 43. As for the fact that the child solicitation statute criminalizes solicitation through “advertisement” or “any other means,” I do not believe those provisions apply to strictly private conversations between adults where the conversations are never communicated to or seen by any child.
I also am not persuaded by the extra-jurisdictional cases cited by the majority. The Federal, Colorado, and Florida statutes addressed in those cases all expressly criminalize not only completed solicitation or enticement of a child to have sex, but also attempts to do so. See 18 U.S.C. § 2422(b); Colo.Rev.Stat. § 18-3-305(1); Fla. Stat. § 847.0135(3)(a). There is no such “attempt” language in our child solicitation statute. And, the State never argued before the trial court, the jury, or this court that Pavlovich could be guilty of attempted child solicitation under our general attempt statute. In the absence of any such argument by the State or of the jury being instructed on the requirements of the attempt statute, I decline to consider whether Pavlovich could have been convicted of attempted child solicitation. Cf. Delagrange v. State, 5 N.E.3d 354, 357 (Ind.2014) (expressly noting that defendant had been charged with and convicted of attempted child exploitation, not child exploitation, in rejecting arguments attacking convictions); King v. State, 921 N.E.2d 1288, 1291 (Ind.2010) (holding that statute criminalizing dissemination of matter harmful to minors “unambiguously” requires that the matter “must in fact be distributed to a child” in order for crime to be completed, but that conviction for attempted dissemination, where defendant had been charged with that offense and found guilty of it by a jury, was proper).
I do not wish this dissent to be seen as any kind of “condoning” of Pavlovich’s disgusting actions and words. Still, defendants only can be convicted of crimes of which they are charged and according to the plain language of the criminal code. Given the language of the child solicitation statute, I do not believe there is sufficient evidence to support Pavlovich’s conviction for that offense. I vote to reverse his conviction for child solicitation and affirm his conviction for patronizing a prostitute.